**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ.
Nevada Bar No. 6711
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
*Attorney for Plaintiff Jennifer Martinez*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER MARTINEZ, individual, | CASE NO.: |
| Plaintiff, | |
| vs. | **COMPLAINT AND** |
| | **DEMAND FOR JURY TRIAL** |
| SCIENTIFIC GAMES CORPORATION, a Nevada corporation | |
| Defendant. | |

COMES NOW Plaintiff JENNIFER MARTINEZ ("Plaintiff"), by and through her counsel of record, ANDRE M. LAGOMARSINO, ESQ. of LAGOMARSINO LAW, and hereby files this Complaint alleging as follows:

## JURISDICTION AND VENUE

1.      This action is brought to remedy violations of the rights of Plaintiff under Title VII of the 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), based on sex discrimination and retaliation, and the Equal Pay Act of 1963, 29 U.S.C. § 206 *et seq.* ("Equal Pay Act").

2.      Injunctive and declaratory relief, damages, and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. § 2000 *et seq.*, 29 U.S.C. § 206 *et seq.*, and NRS § 613.330 and § 613.340.

3.      Venue is proper in this District pursuant to 42 U.S.C. § 2000, 29 U.S.C. § 206, and NRS § 613.330 and § 613.340, as all facts and circumstances surrounding Plaintiff's claims

occurred in Clark County, Nevada in the District of Nevada. Additionally, this Court has supplemental jurisdiction over claims in this action arising under the laws of the State of Nevada pursuant to 28 U.S.C. § 1367 and the principles of pendent jurisdiction.

**PARTIES**

4.     Plaintiff, at all relevant times, was a resident of Clark County, Nevada.

5.     On information and belief, Defendant SCIENTIFIC GAMES CORPORATION ("Scientific Games") is a domestic corporation registered to do business in Nevada and, at all relevant times, did business in Clark County, Nevada.

**PROCEDURAL REQUIREMENTS**

6.     On or about April 5, 2018, Plaintiff filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC").

7.     The EEOC issued Plaintiff a Notice of Right to Sue on August 1, 2018. Plaintiff exhausted all administrative remedies in connection with this action.

8.     Plaintiff fully complied with all prerequisites for jurisdiction in this Court to bring Title VII, Equal Pay Act, and related Nevada Revised Statutes §§ 613.330 and 613.340 causes of action.

**GENERAL ALLEGATIONS**

9.     Plaintiff began working for Scientific Games on or about June 15, 2015 as the Vice President of Talent for the Global Lottery Division of Scientific Games on a six (6) month temporary assignment until the Company could appoint her to VP, Corporate Human Resources. In January 2016, the former CHRO and CEO asked the Plaintiff to perform in a dual role as VP, Gaming and VP, Corporate Human Resources because they did not want to replace the VP, Gaming who was reclassified to the Director, Compensation Administration. Over time, the Plaintiff was

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

1  given more responsibilities including Compensation, Benefits and HR Operations. The Plaintiff was

2  also asked to assume the Payroll oversight on an interim basis.

3        10.    Plaintiff's most recent job title, before her termination on or about January 15, 2018,

4  was Vice President of Global Human Resources for the Centers of Excellence. The Plaintiff's

5  appointment was formally communicated during two (2) separate meetings by Shawn Williams at

6  the Global Town Hall meeting held in Las Vegas and during the WebEx Global HR Town Hall

7  meeting for all HR staff on or around early November. During both meetings, he announced his

8  new structure and introduced his key direct report team including Jennifer Martinez, Dave Medrano

9  and Tyson Lee.

10        11.    At the time of Plaintiff's termination, Plaintiff reported directly to Shawn Williams

11  ("Williams"), who was the Chief Human Resources Officer ("CHRO") and Plaintiff's immediate

12  manager.

13        12.    From the time Plaintiff began working at Scientific Games, Plaintiff witnessed and

14  was subjected to a pattern of discrimination against women, and herself, relating to promotions,

15  equity in pay, and unfair treatment based on sex. Plaintiff also witnessed multiple senior level

16  women being forced out of company.

17        13.    During this time, Plaintiff addressed the unequal compensation issues to former

18  CHRO, Gary Melampy during regularly scheduled one (1) on one (1) meetings. During early

19  2017, they discussed the Plaintiff's role being elevated to an SVP in recognition of her

20  contributions which was documented on an organizational chart prepared by Audelia Lawver at

21  Gary's request. Peter Mani, former CHRO and CEO advisor participated in meetings to review

22  Jennifer's role being elevated. Gary further advised the Plaintiff that the base salary, bonus and job

23  level would be reviewed soon. At that time, the Plaintiff had a VP, Benefits/HR Operations

24  reporting directly to her role. Upon Williams being hired as the new CHRO, Plaintiff further

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241 · Henderson, Nevada 89052
Telephone (702) 383-2864 · Facsimile (702) 383-0065

addressed her concerns with her compensation being below her male peers based on the scope of responsibilities. The Plaintiff advised Williams that she was planning to address her concerns with Kevin Sheehan (CEO at the time). Williams thanked Plaintiff for not going to Sheehan and said he would be addressing Plaintiff's compensation issue soon. He also told Plaintiff that she needed to "trust" him because he would "take care" of her.

14.     Plaintiff was asked by Williams to send him comparable market data in regard to the compensation. Plaintiff had the Senior Director of Compensation and Benefits prepare the market data, which Plaintiff emailed to Williams. Williams never responded to Plaintiff's request to review Plaintiff's compensation and title in comparison to Plaintiff's colleagues.

15.     Two (2) of Plaintiff's male peers, Tyson Lee ("Lee") and Dave Medrano ("Medrano"), who were hired by Williams during this time, were paid a higher compensation at Scientific Games despite having fewer job responsibilities and less industry experience.

16.     Also, during the time the Plaintiff reported to the former CHRO, Gary Melampy, she was the only Human Resources leader consistently at the Las Vegas Headquarters.  Gary worked generally two weeks a month in Alpharetta, GA if not traveling to other locations, leaving Jennifer to handle significant business initiatives and day-to-day matters in both Gaming and Corporate in his absence at the Las Vegas headquarters.  This pattern continued when the new CHRO, Shawn Williams was hired.  Plaintiff continued to be the only Human Resource leader consistently working in the Las Vegas Headquarters, while Williams allowed Plaintiff's peers Lee and Medrano to work from home as requested. Yet, Williams contacted the Plaintiff to complain why a female subordinate (Susie Fotheringham) was out of the office regularly.  The Plaintiff updated Williams that Susie had an approved FMLA related intermittent leave for medical reasons.

17.     Williams was seldom in the office, and when Lee and Medrano would be in the office, they behaved unprofessionally towards Plaintiff and Plaintiff's team in front of the Human

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone (702) 383-2864 • Facsimile (702) 383-0065

Resource staff. A meeting was held between Plaintiff, Williams, Medrano, and Randy Stollar, in November of 2017, to address this lack of teamwork. Plaintiff voiced her concerns to Williams about Lee and Medrano's behavior towards her and her team.

19.     Williams knew Lee and Medrano treated Plaintiff differently because she was a female and Williams did too. Williams continuously excluded Plaintiff from important emails that he would send to Plaintiff's employee, Randy Stollar. Randy Stollar would have to forward Plaintiff those emails so that she could stay informed and properly perform her multiple job duties.

20.     Williams also made outlandish and inappropriate comments in Plaintiff's presence. Once, at a Human Resource leadership meeting in December 2017, Williams made everyone who was present give a target date for a bet he made on when Scientific Games would fire one of their employees. On another occasion while Plaintiff was present, Williams again made an inappropriate comment about Mafco being "crazy".

21.     On or about January 15, 2018, Williams held a meeting with Plaintiff, where he accused her of bullying and intimidating Human Resource staff and accused her of being upset that she was not hired for Williams's position as CHRO.  Plaintiff advised Williams that she took offense to those false accusations.

22.     During the same meeting, Williams terminated Plaintiff's position in direct violation of the proper termination protocol to be followed at Scientific Games.

23.     Throughout Plaintiff's three (3) year employment with the company, Plaintiff never received any performance complaints or write-ups. On the contrary, the Plaintiff was highly regarded from senior leaders including Michael Quartieri, CFO, who sought her counsel on many employee-related matters, and Derik Mooberry who the Plaintiff worked closely with and is currently an employment reference on her behalf.  During the tenure of the Plaintiff, Derik sent Gary Melampy an email stating Jennifer Martinez was the best HR leader he had ever worked with.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone (702) 383-2864    Facsimile (702) 383-0065

**FIRST CLAIM FOR RELIEF**

**(Sex Discrimination Under Title VII)**

24.    Paragraphs 1 through 23 are hereby specifically included and incorporated as though fully set forth herein.

25.    Defendant's conduct, as set forth above, constitutes sex discrimination under Title VII by, among other things, denying Plaintiff compensation, privileges, and conditions commensurate with that of males with equal or lesser credentials occupying similar-situated positions at Scientific Games.

26.    Defendant's actions toward Plaintiff, as alleged above, resulted in Plaintiff being treated less favorably than similar-situated male employees.

27.    When Plaintiff attempted to engage in conduct protected under Title VII, she was subject to adverse employment actions by, among other things, being excluded from important communications that were essential in being able to perform her job duties and being terminated after opposing Defendant's unlawful and hostile practices.

28.    As a direct and proximate result of Defendant's conduct, Plaintiff is now suffering, and will continue to suffer, irreparable injury and monetary damages in the form of past, present, and future lost earnings; past, present, and future pain and suffering; and other losses associated with such embarrassment, humiliation, and mental and emotional pain in an amount to be determined at trial.

29.    Defendant's conduct was willful, intentional, oppressive, malicious, and done with wanton and reckless disregard for Plaintiff's rights.

30.    Because of Defendant's conduct, Plaintiff has been required to retain the services of an attorney and as a direct and foreseeable result, has been damaged and is entitled to a reasonable attorney's fees and costs.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone (702) 383-2864    Facsimile (702) 383-0065

### SECOND CLAIM FOR RELIEF

#### (Sex Discrimination Under NRS § 613.330)

31.     Paragraphs 1 through 30 are hereby specifically included and incorporated as though fully set forth herein.

32.     Defendant's conduct as set forth above constitutes sex discrimination under NRS § 613.330 by, among other things, denying Plaintiff compensation, privileges, and conditions commensurate with that of males with equal or lesser credentials occupying similar-situated positions at Scientific Games.

33.     Defendant's actions toward Plaintiff, as alleged above, resulted in Plaintiff being treated less favorably than similar-situated, male, employees.

34.     When Plaintiff attempted to engage in conduct protected under Nevada Law, she was subject to adverse employment actions by, among other things, being excluded from important communications that were essential in being able to perform her job duties and being terminated after opposing Defendant's unlawful and hostile practices.

35.     As a direct and proximate result of Defendant's conduct, Plaintiff is now suffering, and will continue to suffer, irreparable injury and monetary damages in the form of past, present, and future lost earnings; past, present, and future pain and suffering; and other losses associated with such embarrassment, humiliation, and mental and emotional pain in an amount to be determined at trial.

36.     Defendant's conduct was willful, intentional, oppressive, malicious, and done with wanton and reckless disregard for Plaintiff's rights.

37.     Because of Defendant's conduct, Plaintiff has been required to retain the services of an attorney and as a direct and foreseeable result, has been damaged and is entitled to a reasonable attorney's fees and costs.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

### THIRD CLAIM FOR RELIEF

### (Retaliation Under Title VII)

38.    Paragraphs 1 through 37 are hereby specifically included and incorporated as though fully set forth herein.

39.    Defendant's conduct, as set forth above, constitutes discrimination and retaliation under Title VII by, among other things, terminating Plaintiff's employment after Plaintiff opposed Defendant's unlawful and hostile practices in regard to equal pay compensation and a harassing work environment by Plaintiff's colleagues.

40.    As a direct and proximate result of Defendant's conduct, Plaintiff is now suffering, and will continue to suffer, irreparable injury and monetary damages in the form of past, present, and future lost earnings; past, present, and future pain and suffering; and other losses associated with such embarrassment, humiliation, and mental and emotional pain in an amount to be determined at trial.

41.    Defendant's conduct was willful, intentional, oppressive, malicious, and done with wanton and reckless disregard for Plaintiff's rights.

42.    Because of Defendant's conduct, Plaintiff has been required to retain the services of an attorney and as a direct and foreseeable result, has been damaged and is entitled to a reasonable attorney's fees and costs.

### FOURTH CLAIM FOR RELIEF

### (Discrimination and Retaliation Against Defendant Under NRS § 613.340)

43.    Paragraphs 1 through 42 are hereby specifically included and incorporated as though fully set forth herein.

44.    Defendant's conduct, as set forth above, constitutes discrimination and retaliation under NRS § 613.340 by, among other things, terminating Plaintiff's employment after Plaintiff

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

opposed Defendant's unlawful and hostile practices in regards to equal pay compensation and a harassing work environment by Plaintiff's colleagues.

45.      As a direct and proximate result of Defendant's conduct, Plaintiff is now suffering, and will continue to suffer, irreparable injury and monetary damages in the form of past, present, and future lost earnings; past, present, and future pain and suffering; and other losses associated with such embarrassment, humiliation, and mental and emotional pain in an amount to be determined at trial.

46.      Defendant's conduct was willful, intentional, oppressive, malicious and done with wanton and reckless disregard for Plaintiff's rights.

47.      As a result of Defendant's conduct, Plaintiff has been required to retain the services of an attorney and as a direct and foreseeable result, has been damaged and is entitled to a reasonable attorney's fees and costs.

## FIFTH CLAIM FOR RELIEF

### (Hostile Work Environment Under Title VII)

48.      Paragraphs 1 through 47 are hereby specifically included and incorporated as though fully set forth herein.

50.      Defendant's conduct, as set forth above, constitutes a hostile environment.

51.      During the time Plaintiff was a subordinate of Williams, Plaintiff suffered harassment by him, as well as harassment from Lee and Medrano on a regular basis.

52.      The verbal harassment persisted throughout the period when she was a subordinate to Williams, and was offensive and unreasonable in that it interfered with Plaintiff's ability to perform her duties of employment.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

53.     The conduct was hostile, and patently offensive, to a reasonable person and the actions of her immediate supervisor Williams, as well as Lee and Medrano, led to an intimidating, hostile and offensive work environment.

54.     As a direct and proximate result of Defendant's conduct, Plaintiff is now suffering, and will continue to suffer, irreparable injury and monetary damages in the form of past, present, and future lost earnings; past, present, and future pain and suffering; and other losses associated with such embarrassment, humiliation, and mental and emotional pain in an amount to be determined at trial.

55.     Defendants' conduct was willful, intentional, oppressive, malicious and done with wanton and reckless disregard for the Plaintiff's rights.

56.      As a result of Defendants' conduct, Plaintiff has been required to retain the services of an attorney and as a direct and foreseeable result, has been damaged and is entitled to reasonable attorney's fees and costs.

**SIXTH CLAIM FOR RELIEF**

**(Violation of Equal Pay Act Against Defendant)**

57.     Paragraphs 1 through 56 are hereby specifically included and incorporated as though fully set forth herein.

58.     Defendant's conduct, as set forth above, constitutes a violation of the Equal Pay Act by, among other things, denying Plaintiff equal pay compensation with that of males with equal or lesser credentials occupying similar-situated positions at Scientific Games.

59.     Defendant's disparity in pay between Plaintiff and similarly situated, male, colleagues was not based upon seniority, merit, earnings by quantity or quality of production, or any differentiating factor other than sex.

60.    As a direct and proximate result of Defendant's conduct, Plaintiff is now suffering and will continue to suffer, irreparable injury and monetary damages in the form of past, present, and future lost earnings; past, present, and future pain and suffering; and other losses associated with such embarrassment, humiliation, and mental and emotional pain in an amount to be determined at trial.

61.    As a result of Defendant's conduct, Plaintiff has been required to retain the services of an attorney and as a direct and foreseeable result, has been damaged and is entitled to reasonable attorney's fees and costs.

62.    Plaintiff is also entitled to liquidate damages as a result of the Defendant's conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for Plaintiff as follows:

1.    Declaring that the acts and practices complained of herein are in violation of Title VII and the Equal Pay Act;

2.    Awarding judgment as appropriate and requiring Defendant to pay Plaintiff compensatory damages, special damages, and any other damages described herein, and to be proven at trial, including punitive damages, back pay, and front pay;

3.    Awarding liquidated damages;

. . . .

. . . .

. . . .

. . . .

. . . .

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

4.      Awarding prejudgment interest;

5.      Awarding Plaintiff fees and costs associated with bringing this action, in addition to reasonable attorney's fees as provided by the United States and or the Nevada statutes; and

6.      Granting such other and further relief as this Court deems necessary and proper.

DATED this _2nd_ day of October, 2018.

LAGOMARSINO LAW

ANDRE M. LAGOMARSINO, ESQ.
Nevada Bar No. 6711
3005 W. Horizon Ridge Pkwy. #241
Henderson, Nevada 89052
Phone: (702) 383-2864
Fax: (702) 383-0065
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff demands a jury trial on all issues triable by a jury herein.

DATED this _2nd_ day of October, 2018.

LAGOMARSINO LAW

ANDRE M. LAGOMARSINO, ESQ.
Nevada Bar No. 6711
3005 W. Horizon Ridge Pkwy. #241
Henderson, Nevada 89052
Phone: (702) 383-2864
Fax: (702) 383-0065
*Attorney for Plaintiff*